PIERRE BEAUDOIN

*vs.*

LA SOCIETE ST. JEAN BAPTISTE DE BIENFAISANCE DE BIDDEFORD
and TRUSTEE.

## York.   Opinion November 18, 1917.

*Health and Accident policies.   Proof necessary to recover sick benefits under Health
Policy.   Rule where person is ill from the result of an accident.
Meaning of word "sickness."*

This is an action of assumpsit to recover thirteen weeks' sick benefit at five dollars
per week.   At the conclusion of the evidence the presiding Justice ordered a
verdict for the defendant.   Upon exceptions to this order the case comes to
the Law Court.   The plaintiff did not receive a policy of insurance from the
defendant society, as it issued none, but became a beneficiary under a con-
tract, manifested by its constitution and by-laws.   Article XXVII, Section 1,
reads as follows:   "Law Concerning Sick Benefits.   A member who is sick
and unable to work at any occupation that can bring him compensation and
who shall have complied with the conditions in the clause of the present article,
will receive of the Society, $5.00 per week, during a period of time not exceeding
thirteen (13) weeks in one year.

2.   To be entitled to sick benefits it will be necessary:   1st.   That a member
shall have been a member of the Society for six (6) months.   2nd.   That he be
in good standing.   3rd.   That he possess an insignia.   4th.   That he shall
have given notice of his sickness to one of the members of the visiting committee
if he is a resident member and be visited during his sickness by at least three of
the members of the said committee and furnish a physician's certificate each
time that said committee shall demand it."

This raises the direct question whether a disability, due wholly to an accident,
can be regarded as sickness under a sick benefit contract of indemnity?   There
are several kinds of indemnity insurance contracts, such as life insurance,
health insurance, accident insurance, sick benefit insurance, and so on, each
occupying its own field of operation, and intended to apply to its own peculiar
kind of disability.   The case before us illustrates the distinction between an
accident and sick benefit indemnity.

*Held:*

1.   That assumpsit does not lie.

2.   That, if the plaintiff's contention is tenable, one holding two contracts at the time of injury, might be able to recover on a sick benefit and accident contract, for one and the same cause.

3.   That the two contracts are incompatible.   One is predicated upon injury, the other upon disease.   One is based upon the theory of injury by accident; the other upon the theory of sickness from disease.

4.   That these inherent distinctions lead to the rule, that the accident contract is intended to apply to all cases of ·disability which are the natural and ordinary results of physical injury due to accident; the sick benefit to all cases of disability which are the natural and ordinary results of disease arising from a pathological condition.

Action of assumpsit to recover certain sick benefits.   Defendant filed plea of general issue, and also brief statement.   At conclusion of evidence, presiding Justice directed verdict for defendant; to which ruling plaintiff filed exceptions.   Exceptions overruled.

Case stated in opinion.

*Louis B. Lausier*, for plaintiff.

*N. B. & T. B. Walker*, for defendant.

SITTING:   CORNISH,   C. J.,   SPEAR,   KING,   BIRD,   HANSON, MADIGAN, JJ.

SPEAR,   J.   This is an action of assumpsit to recover thirteen weeks' sick benefit at five dollars per week.   At the conclusion of the evidence the presiding Justice ordered a verdict for the defendant. Upon exceptions to this order the case comes to the Law Court.   The plaintiff did not receive a policy of insurance from the defendant society, as it issued none, but became a beneficiary under a contract, manifested by its constitution and by-laws.   Article XXVII.   Section 1 reads as follows:   "Law Concerning Sick Benefits.   A member who is sick and unable to work at any occupation that can bring him compensation and who shall have complied with the conditions in the clause of the present article, will receive of the Society, $5.00 per week, during a period of time not exceeding thirteen (13) weeks in one year.

2.   To be entitled to sick benefits it will be necessary:   1st.   That a member shall have been a member of the Society for six (6) months. 2nd.   That he be in good standing.   3rd.   That he possess an insignia.   4th.   That he shall have given notice of his sickness to one

of the members of the visiting committee if he is a resident member and be visited during his sickness by at least three of the members of the said committee and furnish a physician's certificate each time that said committee shall demand it."

In view of the provisions of section two, it is apparent that the plaintiff's declaration, in its present form, will not permit the admission of evidence, necessary to enable him to maintain his action. But as the declaration may be amendable, we do not feel justified in allowing the decision of the case to rest upon this defect. There is an objection, however, which goes to the merits of the case, and upon this we will base our conclusion. The plaintiff in direct examination of a physician called by him propounded this question. Q. Whether or not, medically speaking, a man with a broken leg or any person with an ailment other than a disease, is a sick person, medically speaking. THE COURT: Sickness has a well defined meaning and if this witness should testify that something was sickness that the law does not recognize as sickness, it would not be for the jury. There is no question but that a man with a broken leg cannot work. He suffers great pain. There is no question about that. We all know it; do we not know it just as well as a doctor? Counsel for the plaintiff: I believe the plaintiff ought to show that, at least, medically speaking, a man with a broken leg or any ailment other than disease is, as we say, a sick man, and whatever the answer may be, further we will say that any congregation of men, combining to be an association for benevolent purposes, will at least have in mind such things as, medically speaking, render a person unfit to do such work as he had been doing prior to that time. That is the only purpose . . . . whether or not at that time when the man made the application he was medically sick." The question was excluded and exceptions taken and allowed.

This raises the direct question whether a disability, due wholly to an accident, can be regarded as sickness under a sick benefit contract of indemnity. There are several kinds of indemnity insurance contracts, such as life insurance, health insurance, accident insurance, sick benefit insurance, and so on, each occupying its own field of operation, and intended to apply to its own peculiar kind of disability. The case before us illustrates the distinction between an accident and sick benefit indemnity.

The plaintiff by accident, broke his leg. As a result he suffered the inconvenience, disability and pain incident to his injury. Every fractured leg is accompanied by similar misfortunes, differing only in degree. A fractured leg may also bring more or less physical illness, resulting from the abnormal conditions to which the patient, for the time being, is compelled to submit yet not impair his general health. If the plaintiff's contention is tenable, and the physical illness which flows naturally and normally from an accident, can be classed as sickness, within the meaning of a sick benefit indemnity, then it follows that a person fortunate enough to hold, at the time of his injury, both an accident and a sick benefit contract, may be able to recover under each for the results of one and the same cause. Otherwise, if only one is available, which one? The bare statement of this contention shows the incompatability of the two forms of contract. They are fundamentally different. One is predicated upon injury; the other upon disease; one is based upon the theory of injury from accident; the other upon the theory of sickness from disease.

These inherent distinctions lead to the rule, that the accident contract is intended to apply to all cases of disability which are the natural and ordinary results of external physical injury due to accident; the sick benefit to all cases of disability which are the natural and ordinary results of disease arising from a pathological condition.

There is no evidence in the plaintiff's case tending to show that the external injury from which he was suffering and by which he was disabled, was the natural and ordinary result of disease arising from a pathological condition, hence the entry must be,

*Exceptions overruled.*